**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROY GENE BOLES,

    Petitioner,

v.                                                              Case No.: 8:11-cv-2736-T-36EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

      Petitioner, a state of Florida inmate proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his convictions for armed burglary of a conveyance with assault or battery, false imprisonment, and possession of cannabis, entered in 2007 in the Thirteenth Judicial Circuit, Hillsborough County, Florida. Upon review, the petition must be denied.

**PROCEDURAL HISTORY**

      The State of Florida charged Petitioner with armed burglary of a conveyance with assault or battery (count one), false imprisonment (count two), battery (count three), and possession of cannabis (count four). A jury convicted Petitioner of counts one and two but found him not guilty of count three. Petitioner entered a plea of guilty to count four. Petitioner was sentenced to life imprisonment on count one, five years' imprisonment on count two, and 364 days' imprisonment on count four.

      Petitioner's convictions and sentences were *per curiam* affirmed by the Second District

Court of Appeal on October 26, 2007. *Boles v. State*, 967 So.2d 913 (Fla. 2d DCA 2007) (table). Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, as well as several amendments to his motion. After conducting an evidentiary hearing on numerous claims, the state court entered its final order denying Petitioner's Rule 3.850 motion on May 20, 2011. (Dkt. 13, Ex. 17.) Petitioner did not appeal the order of denial.

While his Rule 3.850 motion was pending, Petitioner filed two petitions for writ of habeas corpus in the Second District Court of Appeal. (Dkt. 13, Exs. 10, 18.) That court denied his petitions. (Dkt. 13, Exs. 11, 19.) Petitioner filed his federal habeas petition when he provided it to prison officials for mailing on December 9, 2011. Respondent filed its response (Dkt. 12) on May 1, 2012, and Petitioner filed his reply (Dkt. 15) on May 24, 2012.[1]

Although not addressed in the parties' pleadings, this habeas petition appears to be timely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). That section provides a one-year statute of limitations for filing a habeas petition seeking relief from a state court judgment under 28 U.S.C. § 2254. This one-year period "shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. 2244(d)(1)(A). The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. 2244(d)(2).

Petitioner's convictions were affirmed on appeal on October 26, 2007. His convictions therefore became final on January 24, 2008, at the conclusion of the ninety-day period to petition

---

[1] Petitioner filed a notice of inquiry (Dkt. 20) in which he sought information regarding the effect of this case's recent reassignment (see Dkt. 19). The reassignment of his case has no effect on the procedures involved in this action or Petitioner's obligations and responsibilities.

the United States Supreme Court for a writ of certiorari.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); Sup. Ct. R. 13.3.  Fifty-three days of un-tolled time passed until Petitioner's first Rule 3.850 motion was filed when he provided it to prison officials for mailing on March 17, 2008.  His postconviction motion remained pending until the state court's final order denying his Rule 3.850 motion was filed on May 20, 2011.  Under state procedural rules, Petitioner had thirty days to appeal the order of denial.  *See* Fla. R. App. R. 9.110(b); 9.141(b)(1); Fla. R. Crim. P. 3.850(k).  He did not do so.  The federal habeas clock therefore began to run again on June 20, 2011.  Another 173 days of un-tolled time passed until Petitioner filed his habeas petition on December 9, 2011, for a total of 226 days of un-tolled time.

## STANDARD OF REVIEW

**AEDPA**

This petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Section 2254(d) sets forth a highly deferential standard for federal court review of a state court's findings of law and fact.  It provides that habeas relief may not be granted on a claim adjudicated on the merits in state court unless such determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained the deferential review of a state court's findings:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's factual findings must also be given deference. Specifically, a state court's determinations of fact "shall be presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003).

**Exhaustion and Procedural Default**

In order to pursue federal habeas relief, a state prisoner must exhaust every available state court remedy for challenging his conviction. 28 U.S.C. § 2254(b)(1). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003).

To exhaust state remedies, a petitioner must make the state court aware of both the legal and factual bases for his claim. A petitioner must "fairly present" his federal claim in state court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). "To present a federal constitutional claim properly in state court, 'the petitioner must make the state court aware that the claims asserted present federal

constitutional issues.'" *Zeigler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)).

"[T]he prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004). Exhaustion therefore requires that the petitioner present the state court with the particular legal basis for relief, as well as the facts supporting the claim. *See Snowden*, 135 F.3d at 735.

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). *See also O'Sullivan*, 526 U.S. at 848; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).

**DISCUSSION**

**Ground One: "Petitioner was unjustly denied redress/answers to the issues and merits of his amended claim; he was required to resubmit his first petition being dismissed without prejudice."**

Petitioner argues that the state court erred when it did not rule on the merits of his amended postconviction claims. He asserts that this violated his due process and equal protection rights. The record reflects that, after filing his initial Rule 3.850 motion, Petitioner also filed a motion to amend, as well as an amended Rule 3.850 motion, on October 16, 2008. (Dkt. 13, Ex. 9.) Petitioner next filed a Supplementation of Amended Motion for Post Conviction Relief on December 28, 2009. (Dkt. 13, Ex. 12.)

In an order filed August 6, 2010, the state court granted Petitioner's motion for leave to

amend and considered his amended Rule 3.850 motion along with his initial Rule 3.850 motion. The court granted an evidentiary hearing on four of Petitioner's claims, and reviewed and denied his remaining four claims. (See Dkt. 13, Ex. 13.)

In the same order, the court denied the claims raised in Petitioner's December 28, 2009 Supplementation of Amended Motion for Postconviction Relief as untimely in accordance with state law. Specifically, the court noted that, under Florida law, "a defendant is not permitted to amend his or her motion for post-conviction relief after expiration of the two-year limitations period, where the amendment seeks to add new grounds rather than cure a deficiency. *See Richardson v. State*, 890 So. 2d 1197 (Fla. 5th DCA 2005)." (Dkt. 13, Ex. 13, p. 14.) The court found that because Petitioner's supplemental pleading contained only new claims and was filed after the two-year period to timely file a motion for postconviction relief under Rule 3.850 had expired, the claims were untimely.[2] (Dkt. 13, Ex. 13, pp. 14-15.) The court also specifically found that the claims did not fall under any of the exceptions to the time limitation set forth in Rule 3.850. (Dkt. 13, Ex. 13, p. 15.)

In Ground One of his habeas petition, Petitioner appears to reference both his amended postconviction motion, as well as his Supplementation of Amended Motion for Postconviction Relief. Based on the state court's consideration of the claims raised in Petitioner's amended Rule 3.850 motion, however, it appears that Ground One concerns the arguments raised in his Supplementation of Amended Motion for Postconviction Relief, which the state court did not review

---

[2] A motion filed under Florida Rule of Criminal Procedure 3.850 must be filed within two years of the date the judgment and sentence become final. Under Florida law, the judgment and sentence are deemed final for purposes of timeliness under Rule 3.850 when the mandate issues following an affirmance on direct appeal. *See Anton v. State*, 976 So.2d 6, 8 (Fla. 2d DCA 2008). Here, the mandate on direct appeal was issued on November 19, 2007. (Dkt. 13, Ex. 6.) Petitioner's Supplementation of Amended Motion for Postconviction Relief was deemed filed when he provided it to prison officials for mailing on December 28, 2009. (Dkt. 13, Ex. 12, p. 21.)

on the merits.[3]

In denying the postconviction claims as untimely, the state court relied on Florida law providing that a Rule 3.850 motion cannot be supplemented with new claims after the two-year period to file a motion under that rule has expired. Thus, the state court's disposition of the postconviction claims upon an independent and adequate state procedural ground renders the argument presented in Ground One procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). Petitioner does not argue or demonstrate that either the cause and prejudice or fundamental miscarriage of justice exception would apply to excuse his procedural default.[4] Consequently, Petitioner is not entitled to relief on Ground One.

**Ground Two: "First time on appeal, court violated Petitioner's constitutional writs [sic] by its sentencing of Petitioner for unfounded aggravators for enhancement that was not found by jury nor specified by verdict form."**

Petitioner argues that the state court violated his constitutional rights when it erroneously enhanced his sentence for count one based upon "unfounded aggravators." He further asserts that this subjected him to double jeopardy. Petitioner was found not guilty of count three, battery. He

---

[3]Petitioner appears to support his argument with the position that he was required to resubmit his first motion after it was denied without prejudice. The record does not contain any state court order to this effect. The first state court order in response to any of Petitioner's postconviction filings was the August 6, 2010 order, which considered the claims brought in his initial and amended Rule 3.850 motions.

[4]Furthermore, any of Petitioner's claims raised in his Rule 3.850 motion would also be procedurally defaulted because, by not appealing the order denying that motion, Petitioner failed to invoke one complete round of the established appellate review process in the state courts. *See O'Sullivan*, 526 U.S. at 845.

was found guilty of count one, armed burglary of a conveyance with assault or battery. Petitioner argues that because he was found not guilty of battery as to count three, he could not have been found guilty of having committed a battery as to count one. He appears to assert that the battery charged as part of count one was an aggravating factor for purposes of sentencing on that count.[5]

However, the claim that the trial court unconstitutionally enhanced Petitioner's sentence is unexhausted because it was not raised in state court proceedings. Claims asserting trial court error are properly raised on direct appeal. *See Henry v. State*, 933 So.2d 28, 29 (Fla. 2d DCA 2006). Petitioner did not bring this argument on direct appeal. (Dkt. 13, Ex. 2.) Because the claim has not been raised in state court, it is unexhausted. State procedural rules do not provide for a second direct appeal. *See* Fla. R. App. P. 9.110; 9.140. Accordingly, this claim is procedurally defaulted.

Petitioner claims that he asked appellate counsel to raise this matter on direct appeal, but that appellate counsel informed him that the issue had not been preserved for appellate review. To the extent that this assertion can be construed as an argument that the cause and prejudice exception applies to allow a review of this claim, Petitioner is not entitled to relief. To show cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999.)  *See also Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with errors of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170 (1982).

---

[5]Section 810.02(2)(a), Fla. Stat. (2005), provides that burglary is punishable by a term of years not exceeding life imprisonment if, in the course of committing burglary, an individual "makes an assault or battery upon any person."

First, to the extent that Petitioner's allegation that this claim was not preserved for appeal suggests an allegation of ineffective assistance of trial counsel, Petitioner has not shown cause and prejudice for the default. While ineffective assistance of counsel may constitute cause for a default, under the exhaustion doctrine, the ineffective assistance of counsel claim must be "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 489. Petitioner asserts that he was aware of this potential claim. But Petitioner did not assert that counsel was ineffective in regard to an allegedly enhanced sentence imposed on count one in his Rule 3.850 motion. (Dkt. 13, Exs. 6, 7, 9, 12.) Similarly, Petitioner cannot show cause and prejudice for the default to the extent his claim can be construed to assert ineffective assistance of appellate counsel for failing to raise this matter on direct appeal. Petitioner did not present any argument regarding an enhanced sentence in his state habeas petition that alleged ineffective assistance of appellate counsel. (Dkt. 13, Ex. 10.) Accordingly, any ineffective assistance of counsel claims are themselves procedurally defaulted. Furthermore, Petitioner has not presented any evidence of ineffective assistance of trial or appellate counsel.[6]

Accordingly, Petitioner has not shown that the cause and prejudice exception applies here to allow review of his procedurally defaulted claim. He is therefore not entitled to relief on Ground Two.

**Ground Three:**[7]

Petitioner asserts that his conviction for possession of cannabis is void because the statute

---

[6] Petitioner has not demonstrated that he would be entitled to relief on the merits. The victims of counts one and three were different individuals. (Dkt. 13, Ex. 20, Vol. I, Superseding Information.) Therefore, the fact that the jury acquitted Petitioner of battery on count three would not have prevented the jury from finding that Petitioner committed battery of a different victim on count one.

[7] Petitioner did not title Grounds Three and Four of his habeas petition.

under which this charge was filed, § 893.13, Fla. Stat., was subsequently declared unconstitutional by the district court decision in *Shelton v. Sec'y, Dep't of Corr.*, 802 F.Supp.2d 1289 (M.D. Fla. 2011). Petitioner is not entitled to relief. His claim is foreclosed by the Eleventh Circuit Court of Appeals' opinion in *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012), which reversed the district court decision upon which Petitioner relies. Because Petitioner's argument is based on a decision that has been vacated, this claim must fail. Accordingly, Petitioner is not entitled to relief on Ground Three.

**Ground Four:**

Petitioner appears to raise two arguments within Ground Four.[8] First, Petitioner contends that the superseding information filed by the State, as well as the second superseding information that he asserts was filed, violated double jeopardy by charging two counts of battery. However, Petitioner did not specifically assert, either on direct appeal or in his Rule 3.850 motion,[9] that the amended charging documents violated double jeopardy by charging two counts of battery. State procedural rules would prevent Petitioner from filing a second direct appeal or Rule 3.850 motion. *See* Fla. R. App. P. 9.110; 9.140; Fla. R. Crim. P. 3.850(b). Therefore, this claim is unexhausted and procedurally defaulted. Petitioner does not argue or show that the cause and prejudice or fundamental miscarriage of justice exception applies.

Second, Petitioner claims that the second superseding information was invalid and the trial court thus lacked jurisdiction over his case. Petitioner raised substantially the same claim as ground

---

[8]Petitioner also filed two additional pleadings (Dkts. 16, 17) in which he appears to raise further argument concerning the jurisdictional claim presented in Ground Four.

[9]In addition to being cognizable on direct appeal, a claim asserting a violation of double jeopardy may be cognizable in a Rule 3.850 motion. *See Kerrin v. State*, 8 So.3d 395, 396 (Fla. 1st DCA 2009).

two of his Supplementation to Amended Motion for Postconviction Relief, where he argued that the State filed a second superseding information that divested the trial court of jurisdiction, thereby resulting in fundamental error and violation of his constitutional rights. (Dkt. 13, Ex. 12.) As discussed in Ground One, the state court found this claim to be untimely under applicable Florida law. For the same reasons addressed in Ground One, the state court's disposition of his claim on an independent and adequate state procedural ground renders his claim unexhausted and procedurally defaulted. Petitioner neither asserts nor demonstrates that the cause and prejudice or fundamental miscarriage of justice exception applies to his claim. Accordingly, Petitioner is not entitled to relief on Ground Four.[10]

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment against Petitioner and close this case.

It is further ordered that Petitioner is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28

---

[10]Petitioner's reply includes two assertions that potentially could be construed as additional claims. First, he contends that counsel was negligent for not objecting to the charging document and that counsel should have objected "at every stage" of the proceedings. (Dkt. 15, p. 8) Second, he asserts that the State "provided nothing in support of the Petitioner's liability." (Dkt. 15, p. 10.) To the extent the reply could be treated as an amendment to his petition, Petitioner is not entitled to relief as these potential additional claims are time-barred. Because a federal petition does not toll the one-year time limitation, *Duncan v. Walker*, 533 U.S. 167 (2001), an additional claim might be untimely even though the original petition is timely. If the one-year period to file a habeas petition has expired before an amended petition is filed, any additional claim is untimely unless it relates back to the original petition. *See* Fed. R. Civ. P. 15(c)(1)(B); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

   Petitioner's first claim asserts that counsel was ineffective for not objecting to the charging document and during the proceedings generally. His second claim essentially challenges the sufficiency of the evidence offered against him at trial. These proposed additional claims are separate from any grounds for relief raised in the petition. Therefore, the claims can only be considered if they are timely independent of the original petition. In determining that the original petition was timely, this Court noted that 226 days of un-tolled time passed before Petitioner filed his habeas petition on December 9, 2011. Petitioner had 139 days remaining on the one-year period to file his federal habeas petition, meaning that his federal filing limitation was April 26, 2012. He mailed his reply on May 24, 2012. (Dkt. 15, p. 12.) Consequently, any new claims raised in the reply are untimely.

U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made this showing. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on August 26, 2014.

Charlene Edwards Honeywell
United States District Judge

SA:mcl
Copy furnished to:
*Pro se* Plaintiff
Counsel of Record